UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM RAYEH WATLEY,**  Plaintiff,  vs.  **TAMMY J. REALE, et al.,**  Defendants. | 2:23-CV-10978-TGB-DRG  HON. TERRENCE G. BERG  **ORDER DISMISSING COMPLAINT** |

Self-represented Plaintiff William Rayeh Watley filed this lawsuit along with an application to proceed in forma pauperis. ECF Nos. 1, 2. He sues a variety of judicial and state officials and several other defendants.

For the following reasons, Plaintiff's application to proceed in forma pauperis is **GRANTED** and his Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.  **Application to proceed in forma pauperis**

Plaintiff has filed an application to proceed in forma pauperis, or without the prepayment of fees. 28 U.S.C. § 1915 (a)(1) provides that:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets . . . [and] that the person is unable to pay such fees or give security therefor.

1

Case 2:23-cv-10978-TGB-DRG ECF No. 11, PageID.22 Filed 06/26/23 Page 2 of 4

If an application to proceed in forma pauperis is filed along with a facially sufficient affidavit, the court should permit the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990). The Court finds Plaintiff's financial affidavit facially sufficient; therefore, the Court will **GRANT** Plaintiff's motion to proceed in forma pauperis.

## II. Dismissal under 28 U.S.C. § 1915(e)(2)(B)

Once an in forma pauperis complaint has been filed, it is tested to determine whether it is frivolous or fails to state a claim for which relief exists. *See id.* at 261. The Court "shall dismiss the case" if:

(A) the allegation of poverty is untrue; or
(B) the action or appeal—
  (i) is frivolous or malicious;
  (ii) fails to state a claim on which relief may be granted; or
  (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint may be deemed frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

This is at least the third lawsuit that Mr. Watley has filed about the same underlying alleged eviction from property in Detroit. Last July, the undersigned dismissed a nearly identical lawsuit against most of the same defendants. That dismissal was pursuant to 28 U.S.C. § 1915(e)(2)(B) because the complaint lacked an arguable

2

basis in fact or law and was frivolous. *See William Rayeh Watley v. Kenny et al.*, Case No. 22-11392, ECF No. 4, PageID.25-26 (E.D. Mich. Jul. 6, 2022).

And recently, the Hon. Matthew F. Leitman dismissed a similar lawsuit as frivolous. *See Watley v. Whitmer et al.*, Case No. 23-10831, ECF No. 34, PageID.281-82 (E.D. Mich. Jun. 15, 2023). There, just as before, Watley sued a dozen state officials, judges, lawyers, and municipal entities. Watley charged that the defendants had violated his rights in connection with an eviction. Judge Leitman determined that Watley had not pleaded any facts "suggesting that any of the named defendants violated any federal law in any way or that he has any right to relief whatsoever." *Id.* at PageID.281.

Watley's current suit about the same eviction suffers from the same deficiencies. Here, just as in the case before Judge Leitman and the earlier case before the undersigned, Watley invokes myriad and inapplicable federal statutes, names defendants who are immune from suit, and raises meritless pseudo-legal arguments. *See United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) (describing as frivolous similar claims of self-proclaimed Moorish-American sovereignty). Because his claims remain frivolous and meritless, Watley's newest case is due to be dismissed too.

For the foregoing reasons, Plaintiff's request to proceed in forma pauperis is **GRANTED** and his Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to § 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED,** this 26th day of June, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge